UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

TONY G. GONZALEZ          :
                          :
v.                        :    C.A. No. 23-00116-JJM
                          :
BRIAN LeCLAIR, et al.     :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

    Plaintiff, Tony G. Gonzalez, is an inmate at the Adult Correctional Institution ("ACI") in Cranston, Rhode Island.  In 2013, a Superior Court jury convicted Plaintiff of first-degree murder, assault with intent to commit a felony, and two counts of discharging a firearm while committing a crime of violence.  State v. Gonzalez, 254 A.3d 813, 816 (R.I. 2021), cert. denied, 142 S. Ct. 1388 (Mar. 21, 2022).  Subsequently, the Rhode Island Supreme Court vacated his conviction upon concluding that the trial justice committed error.  Id.  Plaintiff was retried in 2017 and convicted again on all counts.  Id.  He was sentenced to life imprisonment for the murder conviction, plus several consecutive sentences for the other crimes.  Id.

    Following Plaintiff's initial conviction in 2013, the Rhode Island Family Court entered a decree terminating his parental rights to his minor daughter, based, in part, on his convictions.  See In re Izabella G., 140 A.3d 146, 147 (R.I. 2016).  After his convictions were vacated by the Rhode Island Supreme Court, he moved to vacate the decree terminating his parental rights, and the matter was remanded to the Rhode Island Family Court.  Id.  In 2017, the Family Court issued a second decision terminating Mr. Gonzalez's parental rights.  In re Izabella G., 196 A.3d 736, 740 (R.I. 2018).

On March 22, 2023, Plaintiff initiated this pro se action under 42 U.S.C. § 1983. (ECF No. 1). Plaintiff names as Defendants two attorneys that represented him in the state court proceedings, Brian LeClair and Paul Rioles, as well as three employees of the Rhode Island Department of Children, Youth and Families ("DCYF") – Tracey Bonang, Audrey Shaw, and Diane Leyden. He claims that all Defendants violated his civil rights. Id. at pp. 2-3. The Complaint centers around his dissatisfaction with the decisions rendered in the state courts pertaining to the termination of his parental rights. He presently brings claims under the Due Process Clauses of the Fifth and Fourteenth Amendments. He asserts that his rights were violated beginning April 10, 2013 and continued through November 29, 2018. Id. at p. 5. He claims that he did not "discover" the present claims until October 2022. (ECF No. 1-6 at p.1).

Neither Plaintiff nor his general allegations are new to this Court. This is the fifth lawsuit Plaintiff has filed in this Court since 2019. Although not identical, the Complaints in four of his five cases focus on allegations concerning his state court cases. The first case (Gonzalez v. Raimondo, C.A. No. 19-402-JJM) was filed on July 25, 2019. Plaintiff initially sought in forma pauperis ("IFP") status, but his Complaint was summarily dismissed as time barred, and his Motion to Proceed IFP was denied on that basis. (See ECF Nos. 2, 3 in C.A. No. 19-402). Subsequently, he moved to Amend the Complaint and paid the filing fee in full. (See ECF Nos. 6, 9). In his Amended Complaint, he alleged that Attorneys Brian LeClair and Paul Rioles, as well as two DCYF employees, violated his constitutional rights in the state court proceeding that resulted in termination of his parental rights. The Court dismissed the Amended Complaint for lack of subject matter jurisdiction under the Rooker-Feldman doctrine which precludes litigants from challenging state court judgments in Federal Court. (See ECF No. 23 in C.A. No. 19-402). Plaintiff did not appeal that dismissal. The second case (Gonzalez v. Coyne-Fague, C.A. No. 21-349-MSM) was

brought pursuant to 42 U.S.C. § 1983 to challenge ACI policy and to assert constitutional rights to sexually explicit material while he was incarcerated.  He filed the case on August 26, 2021, was granted IFP status, and his case was dismissed on March 9, 2022 for failure to state a claim.  (See ECF No. 13 in 21-349-MSM).  Plaintiff filed an appeal that remains pending.  The third case (Gonzalez v. State, C.A. No. 21-394-MSM) was filed on September 28, 2021.  Plaintiff was granted IFP status, and his case was dismissed because the relief he sought (a Writ of Mandamus directing the Rhode Island Supreme Court to permit him to reargue his appeal) failed to state a claim because the Court is without authority to issue such a writ.  (See Judgment dated May 12, 2022 in C.A. No. 21-394).  The fourth case, (Gonzalez v. Coyne-Fague, C.A. No. 22-174-JJM) was filed on April 27, 2022 pursuant to 28 U.S.C. § 2254 and remains active in this Court.

**Standard of Review**

In connection with proceedings in forma pauperis, section 1915(e)(2), 28 U.S.C., directs the Court to dismiss a case at any time if the Court determines that the action is, inter alia, frivolous or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2).  Similarly, section 1915A, 28 U.S.C., directs courts to screen complaints filed by prisoners against a governmental entity, officer or employee and dismiss such claims for identical reasons.  28 U.S.C. § 1915A(b).  Section 1915A is part of the Prison Litigation Reform Act ("PLRA") and was enacted by Congress to curtail meritless prisoner suits.  See Bieregu v. Ashcroft, 259 F. Supp. 2d 342, 345-346 (D.N.J. 2003) (citing Santana v. United States, 98 F.3d 752, 755 (3rd Cir. 1996)).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Further, a claim lacks an arguable basis in fact when the facts alleged are "irrational or wholly incredible."  Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[A] court is not bound, as it usually is when making a determination based solely on the pleadings, to

accept without question the truth of the plaintiff's allegations" when such factual allegations describe "fantastic or delusional scenarios").

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used for ruling on a 12(b)(6) motion. See Pelumi v. Landry, No. 08-107, 2008 WL 2660968 at *2 (D.R.I. June 30, 2008). In making this determination, the Court must accept plaintiff's well-pleaded factual allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions, unverifiable conclusions, or irrational factual allegations. Ashcroft v. Iqbal, 556 U.S. 662 (2009); Denton, 504 U.S. at 33. Further, the Court must review pleadings of a pro se plaintiff liberally. Estelle v. Gamble, 429 U.S. 97, 106 (1976). To state a claim on which relief may be granted, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (citation omitted); Fed. R. Civ. P. 8(a)(2). Finally, dismissal under § 1915 may be based on statute of limitations grounds. Street v. Vose, 936 F.2d 38 (1st Cir. 1991).

**Discussion**

This is exactly the type of case and litigant that Congress had in mind when it enacted the PLRA's screening requirement. Plaintiff is a convicted murderer serving a life sentence. He is indigent so he qualifies financially for in forma pauperis status, i.e., excusal from prepayment of the civil case filing fee. He has plenty of time on his hands to prepare court filings and no economic or other disincentive from repeatedly filing frivolous lawsuits.

As noted above, this is one of five cases filed by Plaintiff in this Court during his incarceration. Since only two of the other four cases (C.A. Nos. 21-349 and 21-394) were dismissed on the merits, this case does not technically violate the three-strike rule. Under the

PLRA, a prisoner is barred from filing a lawsuit if he has, on three or more prior occasions, filed lawsuits that were dismissed as frivolous, malicious or for failing to state a claim unless "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). However, even though it is not Plaintiff's third strike, this case is repetitive and frivolous and should be dismissed under 28 U.S.C. § 1915(e)(2)(B) and 1915A(b) and constitute Plaintiff's third strike.

In this case, Plaintiff names as Defendants two attorneys he previously sued in C.A. No. 19-402, as well as several employees of the Rhode Island DCYF. The Court has closely reviewed Plaintiff's Complaint in this case, and it contains very similar allegations to those set forth in the Complaint and Amended Complaint in his 2019 case. Both his 2019 case and this case focus on Plaintiff's dissatisfaction with the decisions rendered in the State Court pertaining to the termination of his parental rights. He argues that the Defendants in this case "abused their positions" and seeks injunctive relief and punitive damages. (ECF No. 1 at p. 5). He presently brings claims under 42 U.S.C. § 1983 alleging violation of his rights secured by the Due Process Clauses of the Fifth and Fourteenth Amendments. The statute of limitations for a 42 U.S.C. § 1983 claim in Rhode Island is three years. Tripp v. DeCarlo, No. CA 11-325 S, 2013 WL 836791, at *3 (D.R.I. Mar. 6, 2013). He asserts that his rights were violated beginning April 10, 2013 and through November 29, 2018. (ECF No. 1 at p. 5).

Chief Judge McConnell dismissed his initial Complaint in C.A. No. 19-402 on statute of limitations grounds which alleges similar claims during the same time period. In his summary dismissal order, Chief Judge McConnell noted that "Mr. Gonzalez' Complaint fails to state a cause of action because it is clear on its face that any claims that he may have had are barred by the statute of limitations." (ECF No. 3 in C.A. No. 19-402). Plaintiff subsequently filed an Amended Complaint that was dismissed on Rooker-Feldman grounds.

In his filings in this case, he acknowledges the statute of limitations issue but contends he did not "discover" the cause of action in this case until October 2022. (ECF No. 1-6 at p. 1). He states that he "understands the purpose of Statute of Limitations and submits to this Court that he has relentlessly pursued redress to the violation to his Constitutional Right's." [sic] Id. He argues that he is being "precluded from raising" the present claims and states that "[i]t is unconcievable [sic] to digest the fact that the Plaintiff had to figure out [by himself] that his own Court appointed Attorney's [sic] [ ] are part of the injury to the aforementioned Constitutional Rights. Therefore, the Plaintiff is submitting to this Court that the discovery of this cause of action had formulated without advice of counsel, at or about October of 2022." Id. He contends that if he had no remedy, it would be a "Miscarriage of Justice." Id. He states that this case is "the last glimmer of hope for Plaintiff." Id. at p. 14. By his own admissions, he concedes that his claims fall outside the applicable statute of limitations.

Although the Court must review the evidence and draw all reasonable inferences in Plaintiff's favor when screening a case under 28 U.S.C. § 1915A, the Court is not required to accept "factual contentions that are irrational, delusional, or wholly incredible." Laurence v. Wall, C.A. No. 09-427 ML, 2009 WL 4780910 at *3 (D.R.I. Dec. 10, 2009) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992) (court need not accept "fantastic or delusional scenarios")). Here, Plaintiff's Complaint presents a self-serving statement that Plaintiff did not "discover" his claims in this case until 2022 which is directly contradicted by the presence of those undiscovered claims in his 2019 case.

The Court concludes that allowing this case to proceed would improperly give Plaintiff a "second bite at the apple" as to these frivolous claims. As previously discussed, Plaintiff filed a nearly identical case in early 2019. The docket consists of twenty-six entries, and the Court ruled

on a dispositive motion filed by Defendants under Rule 12, Fed. R. Civ. P.  Both sides submitted briefs in support of their various motions and objections.  Ultimately, the Court concluded that Plaintiff did not present any viable claims.  The Court entered Final Judgment in favor of Defendants on July 20, 2020, and Plaintiff did not appeal the dismissal.  It is clear from a review of the docket and operative pleadings in Gonzalez v. Raimondo that Plaintiff was given a full and fair opportunity in this Court to litigate his various claims arising out of the termination of his parental rights.  Applying the principles of judicial efficiency and finality of result, there is no basis to allow Plaintiff to now relitigate in this case, the same basic claims he was unable to substantiate in C.A. No. 19-402.

**Conclusion**

After a thorough and exhaustive review of this Complaint, I conclude that Plaintiff's claims in this case are frivolous and do not state any viable or timely claims for relief.  Thus, I recommend that Plaintiff's Complaint in this case be DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and also that such dismissal constitute Plaintiff's "third strike" for purposes of 28 U.S.C. § 1915(g).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 6, 2023